## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CONTROL RISKS GROUP, LLC,<br><br>            Plaintiff,<br><br>vs.<br><br>BOART LONGYEAR COMPANY,<br><br>            Defendant. | 2:08-CV-0164 BCW<br><br>**MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO REMAND**<br><br>Magistrate Judge Brooke C. Wells |

This matter comes before the Court on Plaintiff's Motion to Remand to State Court Third Judicial District.[1] Defendant stipulates to a remand and agrees in part with Plaintiff. Defendant states, "Control Risks is correct that the Boart Longyear's notice of removal was improper."[2] Accordingly the Court GRANTS this portion of Plaintiff's motion and this case is hereby remanded to state court.

The only remaining issue is whether or not Control Risks is awarded its fees and costs in defending an improper notice of removal. Boart "objects to the request for fees."[3] Control Risks argues an award of fees and costs is appropriate pursuant to 28 U.S.C. § 1447(c) because Defendant "'lacked an objectively reasonable basis for seeking removal.'"[4] Defendant argues fees are inappropriate because "counsel for Control Risks chose not to make any effort to avoid

---

[1] Docket no. 4.
[2] Stipulation p. 1.
[3] *Id.* p. 2.
[4] Reply p. 2. (quoting *Kansas, ex rel. Morrison v. Price*, 242 Fed.Appx. 590, 593 (10th Cir. 2007)).

the accrual of fees associated with its remand filings."[5]  According to Boart, "[h]ad counsel for Control Risks informed counsel for Boart Longyear of the error in its filing, Boart Longyear would have agreed to remand the case, thereby eliminating, or substantially eliminating, any costs to Control Risks associated with the error."[6]  Thus, under Boart's reasoning, the burden of determining whether a removal is supported by the law is placed equally on all parties instead of on the initial movant.  The Court declines to adopt this line of reasoning but does not impose fees against Boart.

Section 1447(c) states in relevant part "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[7]  In *Martin v. Franklin Capital Corp*,[8] the Supreme Court analyzed the language of 1447(c) and concluded it was unnecessary for a court to automatically award attorney's fees in an order remanding a case.[9]  The Court looked to the plain language of Section 1447(c) which provides that a "remand order 'may' require payment of attorney's fees-not 'shall' or should.'"[10]  The use of the word "may" connotes discretion.[11]

In this case it appears there was a simple oversight or error made by Defendant in removing to federal court.  Such an oversight does not warrant the imposition of attorney's fees.

---

[5] Stipulation p. 2.
[6] *Id.*
[7] 28 U.S.C. § 1447(c).
[8] 546 U.S. 132, 136-141, 126 S.Ct. 704, 708-712 (2005).
[9] *See id.*
[10] *Id.* at 709 (comparing the language found in 28 U.S.C. 1447(c)).
[11] *See id.*

Therefore, in exercising the discretion provided the Court under Section 1447(c), the Court DENIES Plaintiff's request for fees and costs.

Accordingly, Plaintiff's motion is GRANTED in PART and DENIED in PART. This case is remanded back to state court.

IT IS SO ORDERED.

DATED this 16th day of May, 2008.

_____
Brooke C. Wells
United States Magistrate Judge